1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GARY SMITH,                              Case No.  1:20-cv-00716-NONE-HBK (PC)

12                  Plaintiff,                ORDER GRANTING PLAINTIFF'S MOTION
                                              TO ACCEPT LATE FILING
13         v.
                                              (DOC. NO. 27)
14   CDCR EDUCATION DEPARTMENT,
                                              ORDER DENYING MOTION TO DISMISS
15                  Defendant.                FOR LACK OF PROSECUTION AS MOOT

16                                            (DOC. NO. 25)

17

18

19         Pending before the Court, *inter alia*, is Defendant's motion to dismiss due to Plaintiff's

20   lack of prosecution filed on April 2, 2021.  (Doc. No. 25).  Also pending is Plaintiff's "motion to

21   accept late filing due to extraordinary circumstances" filed on May 27, 2021.  (Doc. No. 27,

22   "Motion").   Defendant filed an opposition to Plaintiff's motion, attaching a supporting

23   declaration on June 7, 2021.  (Doc. No. 28).  These matters are ripe for review.

24         As background, after Plaintiff failed to file an opposition to Defendant's first-in-time

25   motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed on December 24, 2020, Defendant

26   moved to dismiss this action for Plaintiff's lack of prosecution on April 2, 2021.  (Doc. No. 25).

27   On May 27, 2021, Plaintiff filed a motion stating that he has a "comprehension disorder" and is

28   classified as a "correctional clinical case management system mental health patient."  (Doc. No.

1    27 at 1).  Further, Plaintiff states due to Covid-19 all prisoners have been quarantined, he has

2    been very sick and hospitalized twice, and as a result he has logistically been separated from the

3    inmate who has been helping him with this case.  (*Id* at 1-2).

4         In opposition, Defendant notes that Plaintiff's motion does not indicate whether he wishes

5    to file a "late response" to Defendant's December 24, 2020 motion or Defendant's April 2, 2021

6    motion.  (Doc. No. 28 at 2).  Nevertheless, Defendant opposes Plaintiff's motion, arguing

7    Plaintiff failed to comply with the Court's deadlines, is not entitled to equitable tolling of the

8    filing deadlines, and has not articulated sufficient justification to excuse his compliance with

9    applicable filing deadlines.  (*Id.* at 2-5).

10        A review of Plaintiff's motion reveals Plaintiff's intent was to explain why he has not

11   filed a response to either of Defendant's motions to dismiss, but to request that the Court not

12   dismiss the action for lack of prosecution.  (*See generally* Doc. No. 27).   In so doing, Plaintiff

13   explains he was sick with Covid-19, hospitalized, and was housed away from the inmate who has

14   been assisting him with the legal proceedings.  (*Id.*).   Indeed, an involuntary dismissal is a harsh

15   penalty for failure to comply with the court's orders.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642

16   (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider:

17   (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a

18   docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits;

19   (5) the availability of less drastic sanctions.  *See Applied Underwriters, Inc. v. Lichtenegger*, 913

20   F.3d 884, 889 (9th Cir. 2019) (noting court that these five factors "must" be analyzed before a

21   Rule 41 involuntarily dismissal) (emphasis added).

22        Considering the standard governing Rule 41 dismissals and Plaintiff's explanation set

23   forth in his motion, the Court grants Plaintiff's motion and will deny, without prejudice,

24   Defendant's motion to dismiss for failure to prosecute.[1]  As stated above, public policy favors

25   _____

26   [1] Under 28 U.S.C. § 636(b)(1)(A) a judge may designate a magistrate judge to hear and determine any
     pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the
     pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant
27   . . . and to involuntarily dismiss an action.  A judge of the court may reconsider any pretrial matter under
     this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary
28   to law. (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings,

                                          2

1  disposition on the merits.  Moreover, a court can issue a ruling on a motion to dismiss without a

2  response from the opposing party once the motion is ripe for review.  Defendant's first-in-time

3  motion to dismiss remains pending and is ripe for review.  The undersigned will separately issue a

4  findings and recommendations addressing that dispositive motion.

5         Accordingly, it is **ORDERED**:

6         1.  Plaintiff's motion to accept the late filing (Doc. No. 27) is **GRANTED**.

7         2.  Defendant's motion to dismiss for lack of prosecution (Doc. No. 25) is **DENIED,**

8  **without prejudice**.

9

10  Dated:   __August 23, 2021__

11                                                HELENA M. BARCH-KUCHTA
                                                  UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23
_____

24  and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by
    a judge of the court, of any motion except in paragraph (A).  A magistrate judge may be precluded from
25  making final determinations on motions that are analogous to those listed in subsection (A) or have the
    same effect as one of the enumerated motions.  A denial of a motion to dismiss for lack of prosecution is
26  not a final, appealable, dispositive order, and therefore proper to be addressed in the instant order.  *See*
    *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (noting a "functional approach" is used to determine if
27  a matter is appropriate for magistrate judge's direct review that looks to the effect of the motion to
    determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of the
28  party, finding a motion to remand is a dispositive one subject to findings and recommendations).